CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
10/1/2025
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| TRUIST BANK and TRUSTEE SERVICES OF VIRGINIA, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:24-cv-00009 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| SECRETARY OF DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and ROBERT H. CHAMBERLAIN, | ) ) ) ) ) | By:   Hon. Thomas T. Cullen United States District Judge |
| Defendants. | ) ) | |

Plaintiffs Truist Bank and Trustee Services of America, LLC (collectively, "Plaintiffs") brought this action against Defendant Robert H. Chamberlain ("Chamberlain") and the Secretary of the Department of Housing and Urban Development ("HUD") for a judicial sale of real property ("Property") owned by Chamberlain and secured with a mortgage issued by Truist Bank ("Truist"), which is presently in default. HUD also has a security interest in the Property via a Subordinate Deed of Trust recorded as a junior lien in the Property. After substitute service on the Secretary of the Commonwealth of Virginia was perfected[1] (*see* ECF No. 16), Chamberlain failed to appear by counsel or otherwise respond to Plaintiffs' claims. As a result, Plaintiffs moved for entry of default against Chamberlain, which the clerk granted. (*See* ECF No. 20.) This matter is now before the court on Plaintiffs' motion for default

---

[1] Plaintiffs aver that, upon information and belief, Chamberlain died on October 12, 2022. (Compl. ¶ 10 [ECF No. 1].)

judgment. (Mot. for Default J. [ECF No. 24].) For the reasons discussed below, the court will grant the motion for default judgment against Chamberlain.

## I.     Factual Background

Chamberlain became the owner of record of the real property commonly known as 1061 Woodedge Lane, Nathalie, Virginia, via deed dated March 3, 2006. (Compl. ¶ 13.) On March 4, 2010, Chamberlain obtained a refinance mortgage loan for $70,919 from Branch Banking and Trust Company (BB&T)[2] and, as part of that mortgage loan, Chamberlain executed a Note and a Deed of Trust. (Compl. ¶¶ 15–16.) The Deed of Trust granted a security interest in the Property to ensure repayment of the mortgage loan and provided for acceleration of the loan and foreclosure in the event of a default. (Compl. ¶ 17.) On June 8, 2018, Chamberlain entered into a loan modification whereby the balance of the March 4, 2010 loan was reduced by $9,205.53 by transferring that amount to a second mortgage loan with HUD. (Compl. ¶ 19.) As part of the mortgage loan with HUD, Chamberlain executed a promissory note for $9,205.53 and a Subordinate Deed of Trust in favor of HUD, which granted to HUD a security interest in the Property. (Compl. ¶¶ 20–21.)

On June 30, 2023, the initial beneficiary of the March 4, 2010 Deed of Trust—Mortgage Electronic Registration Systems ("MERS")—assigned its interest in the Deed of Trust to Truist. (Compl. ¶¶ 23–24, Ex. D.) On October 26, 2023, Truist removed the named Trustee of Chamberlain's March 4, 2010 Deed of Trust and named Trustee Services of Virginia, LLC as the Substitute Trustee. (Compl. ¶ 26.) Although Plaintiffs believe that Chamberlain died on October 12, 2022, there is no record of his death. (Compl. ¶ 28.)

---

[2] Branch Banking and Trust Company is now known as Truist Bank.

Chamberlain's heirs are unknown and, upon information and belief, there are no other persons or entities with a lien against, or interest in, the Property. (Compl. ¶ 29–30.) According to an Affidavit of Debt filed by Plaintiffs, the March 4, 2010 Deed of Trust and Promissory Note are in default for nonpayment, with $84,921.21 remaining due on the mortgage as of September 1, 2025. (Pls. Br. Ex. G [ECF No. 25-2].)

The March 4, 2010 Deed of Trust provides that, in the case of a default, the Lender or its assigns must adhere to the HUD regulations before acceleration and foreclosure can occur. (Compl. ¶ 32, Ex. B [ECF 1-2].) In compliance with those regulations, Plaintiffs sent Chamberlain a Breach Letter on May 3, 2023; the default was not cured, and as a result, the balance of the March 4, 2020 mortgage loan was accelerated. (Compl. ¶ 34, Pls. Br. Ex. G & H [ECF Nos. 25-2 & 25-3].) To collect the accelerated balance of the loan, Truist seeks to exercise its rights in the Property by having the Substitute Trustee of the March 4, 2010 Deed of Trust execute the power-of-sale provision. (Compl. ¶ 35, Ex. B.) Because HUD also has a security interest in the Property, Plaintiffs note that a judicial sale is required to exercise the power of sale provision. (Compl. ¶¶ 36–37.)

## II.   PROCEDURAL BACKGROUND

Plaintiffs filed its Complaint against Defendants on March 8, 2024. (*See* ECF No. 1.) Chamberlain was served via substitute service on May 30, 2024.[3] (ECF No. 12.) Accordingly, his responsive pleadings were due June 20, 2024. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Chamberlain did not file a responsive pleading and has not responded to the Complaint in any manner. On

---

[3] As noted, Chamberlain was served via the Secretary of the Commonwealth because the Property was vacant and Chamberlain is presumed dead. (*See* ECF No. 16, Pls. Br. at 2 [ECF No. 25].)

August 8, 2024, Plaintiffs moved for an entry of default against Chamberlain (ECF No. 18), which the clerk granted (ECF No. 20).

On September 2, 2025, prior to the filing of Plaintiff's motion for default judgment, HUD filed a "Stipulation to Allow Plaintiff(s) to Proceed with Judicial Foreclosure." (Stipulation [ECF No. 23].) HUD submitted the stipulation to allow the Plaintiffs "to proceed with a judicial foreclosure sale without HUD being joined as a party and without the need for any pre-foreclosure court order as to HUD, so long as any surplus funds that arise from a sale, after a court[-]approved audit, are distributed to lienholders, including HUD, in order of their priority." (*Id.* at 1.) HUD also waived its one-year right to redeem under 28 U.S.C. § 2410(c). (*Id.* at 2.)

On September 11, 2025, Plaintiffs filed the instant motion for default judgment against Chamberlain. (Mot. for Default J.) In their motion, Plaintiffs seek a court-ordered judicial sale of the Property at issue due to (i) Chamberlain's mortgage loan with Truist being in default for nonpayment and (ii) HUD having a Subordinate Deed of Trust that is recorded as a junior lien against the Property.[4] (Pls. Br. at 1 [ECF No. 25].) Plaintiffs do not seek an award of damages against Chamberlain. (*Id.* at 3.) Chamberlain—or anyone acting on his behalf or on behalf of his presumed estate—has not filed any responses to the entry of default or motion for default judgment. Accordingly, the motion for default judgment against Chamberlain is ripe for decision.

---

[4] Truist seeks to exercise the power of sale provision found in the March 4, 2020 Deed of Trust, which usually requires a nonjudicial foreclosure sale of the Property. (*See* Compl. ¶¶ 35–36.) But because HUD has a security interest in the Property—making the United States a party to the matter as a lienholder—a judicial sale is required under 28 U.S.C. § 2410(c). (*See* Compl. ¶ 37, Pls. Br. at 2.)

### III.  STANDARD OF REVIEW

The Fourth Circuit has "repeatedly expressed a strong preference that . . . claims . . . be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *see also United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("[T]he clear policy of the Rules is to encourage dispositions of claims on their merits . . . ."). But when a "properly served defendant . . . fails to plead or otherwise defend against the allegations in [a] complaint," the court is authorized to enter default judgment against that defendant under Federal Rule of Civil Procedure 55(b)(2). *Reynolds Innovations, Inc. v. E-CigaretteDirect, LLC*, 851 F. Supp. 2d 961, 962 (M.D.N.C. 2012). "To obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)." *Pelyn Tr. v. Fair Exch. Tr.*, No. 3:08-cv-287, 2009 WL 2912521, at *1 (W.D.N.C. Sept. 3, 2009) (internal quotation omitted).

After the clerk enters default, the court must determine if the complaint sets forth a legitimate cause of action, accepting the well-pleaded allegations of fact as true. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). When determining liability, the court's inquiry is "whether or not the face of the pleadings supports the default judgment and the causes of action therein." *Fin. Pac. Leasing, Inc. v. Moess Trucking, LLC*, No. 3:20CV00066, 2021 WL 279608, at *1 (W.D. Va. Jan. 27, 2021). Claims for damages, however, are not simply accepted as true. *See Lopez v. XTEL Constr. Grp., LLC*, Civ. No. PWG-08-1579, 2011 WL 6330053, at *4 (D. Md. Dec. 16, 2011). Instead, the plaintiff must establish its damages by way of an evidentiary hearing or submitting supporting evidence to the court. *Id.* (collecting cases). At bottom, the award of a default judgment is subject to the district court's discretion; it is not

a matter of right. *See, e.g., Leighton v. Homesite Ins. Co. of the Midwest*, 580 F.Supp.3d 330, 332 (E.D. Va. 2022).

## IV. ANALYSIS

Plaintiffs contend that, under the default-judgment standard, the Complaint supports a judgment in their favor with regard to a judicial sale of the property at issue. The court agrees.

Section 2410(a)(2) of Title 28 of the U.S. Code allows for the United States to be named as a party in a civil action "to foreclose a mortgage or other lien upon . . . real or personal property on which the United States has or claims a mortgage or other lien." A plaintiff pursuing a foreclosure action that names the United States as a party "must seek judicial sale." 28 U.S.C. § 2410(c). Plaintiffs demonstrated that a judicial sale is necessary here. Plaintiffs raised in their complaint that HUD has a security interest in the Property through a Subordinate Deed of Trust. Plaintiffs attached the Subordinate Deed of Trust as an Exhibit, which shows Chamberlain as the grantor and the Secretary of HUD as the beneficiary. (*See* Compl. Ex. C.)

Further, Plaintiffs demonstrated that Chamberlain's mortgage is in default and that Truist used the proper procedure to notify Chamberlain of the default. Plaintiffs established that the mortgage was in default with an Affidavit of Debt affirming that, as of September 1, 2025, a balance of $84,921.21 remains on Chamberlain's debt. (*See* Compl. ¶¶ 4, 34, Pls. Br. Ex. G.) In addition, Plaintiffs averred in their Complaint that they complied with the applicable HUD regulations and attached a notice of default and breach letter that Truist sent to Chamberlain on May 3, 2023, informing him that his mortgage was in default for nonpayment, giving him 35 days to cure the default by paying past due installments plus any additional fees,

and warning him of acceleration and foreclosure. (*See* Compl. ¶ 33, Pls. Br. Ex. H.) Finally, Plaintiffs demonstrated in their Complaint that the March 4, 2010 Deed of Trust requires immediate payment in full of all sums as a result of default and allows the Lender (here, Truist) to invoke the power of sale and have the Trustee execute that provision. (*See* Compl. ¶ 35, Ex. C ¶¶ 9, 18.) Because Chamberlain's mortgage remains in default for nonpayment, (*see* Pls. Br. Ex. G) Plaintiffs may exercise their power of sale through the required judicial sale procedure.

The court finds that Plaintiffs have established that judicial sale is the proper remedy here and will enter default judgment against Chamberlain to effectuate that outcome.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment (ECF No. 24) will be granted as to Defendant Chamberlain.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties and all counsel of record.

**ENTERED** this 1st day of October, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE